```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF VIRGINIA

                        Alexandria Division


UNITED STATES OF AMERICA,       )
                                )
        v.                      )       1:15cr301
                                )
JEFFERSON MANISCAN              )
                                )
    Defendant.                  )
```

## MEMORANDUM OPINION

This matter is before the Court on the Government's Motion for Revocation of Release Order and the Defendant's Motion to Set Conditions of Release. For the reasons set forth below, the Government's Motion is granted, the Defendant's Motion is denied, and the Defendant shall be detained without bail.

I.

Based on the *de novo*[1] hearing conducted in this matter on November 19, 2015, the Court finds the relevant facts to be as follows:

On October 22, 2015, a Grand Jury sitting in the Eastern District of Virginia returned an eight-count 29-page

---

[1] "When the district court acts on a motion to revoke or amend a magistrate judge's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions of release." *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001); *see also* 18 U.S.C. § 3145(b).

1

Indictment against Defendant Jefferson Maniscan and several co-conspirators in which he is alleged to have been an active conspirator and participant in a mortgage modification fraud scheme.

On November 4, 2015, the Defendant was arrested on charges of wire fraud and conspiracy to commit wire fraud in violation of 18 U.S.C. § 1343.

On November 5, 2015, Magistrate Judge Douglas F. McCormick of the Central District of California conducted a hearing and entered an order releasing the Defendant on conditions pending trial.

On November 5, 2015, the Government filed a Motion for Revocation of Release Order in this Court pursuant to 18 U.S.C. § 3145. This court entered an order staying the Magistrate's order and setting a hearing on the Government's Motion in this court as soon as was reasonably practicable.

II.

The Defendant was transported to this district and a *de novo* hearing on the Government's Motion was held on November 19, 2015. 18 U.S.C. § 3145 provides that:

> If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense . . . the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release.

2

18 U.S.C. § 3145(a)(1).  Under 18 U.S.C. § 3142(e), the defendant may be detained before trial if, after a hearing, this court finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safterty safety of any other person and the community."[2]  Pursuant to 18 U.S.C. § 3142(g), the factors that must be considered in determining whether to detain or release a defendant on conditions include: (i) the nature and circumstances of the offense charged; (ii) the weight of the evidence against the defendant; (iii) the history and characteristics of the defendant; and (iv) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  The Government must prove by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's appearance at future court proceedings, or by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.  *Stewart*, 19 F. App'x at 48 (citations omitted).  "For pretrial detention to be imposed on a defendant, the lack of reasonable

---

[2] The Court notes that this case does not fall within the category of cases creating a rebuttable presumption that no condition or combinations of conditions will reasonably assure the safety of any person and the community described by 18 U.S.C. § 3142(e).

3

assurance of either the defendant's appearance or the safety of others or the community, is sufficient; both are not required." *Stewart*, 19 F. App'x at 48 (citing *United States v. Rueben*, 974 F.2d 580, 585-86 (5th Cir. 1992)).

III.

A.  Nature and Circumstances of the Offense Charged

Defendant is charged with actively participating in a large and complex fraud scheme. As set forth in the indictment, the scheme involved mimicking a Federal mortgage refinancing program through the use of multiple aliases, false identification documents, pay-as-you-go cell phones and other means of concealment. Ultimately, this fraud scheme is alleged to have caused approximately $3.7 million in losses to over 400 victims. While the offense does not involve any firearms or violence, it does carry a hefty punishment if the Defendant is convicted due to the scale of the fraud alleged. Two of the Defendant's co-conspirators in this same fraud scheme were recently sentenced to 135 months and 151 months incarceration respectively.

The alleged fraud also involved the use of at least four aliases by the Defendant, and required that the Defendant become adept at concealing his true identity. The Defendant is alleged to have passed himself off as a "customer service representative" over the phone using the aliases "Alvin

4

Mayfield," "Lance Parker," "Tom Spiro," and "James Atwood." Several of the Defendant's co-conspirators had sophisticated false identification documents. As the Defendant faces substantial jail time if convicted and the offense charged involved the use of numerous aliases and careful concealment of the Defendant's identity, the nature and circumstances of the offense charged suggests that the Defendant has a significant motive to flee and access to the resources to do so effectively.

B.   Weight of the Evidence Against the Accused

The weight of the evidence against the defendant also weighs in favor of pretrial detention in this case. At the hearing on this motion, the Government introduced testimony from Agent Erich Schulenberg, who was involved in the arrest of the Defendant and is familiar with the Government's investigation into the scheme and the evidence against the defendant. The Court finds Agent Schulenberg's testimony credible. The Government's evidence against the Defendant includes an identification of the Defendant as a phone operator and central participant in the scheme. The Government also claims to have text message communications between the Defendant's co-conspirators which corroborates the Defendant's role in the conspiracy. Finally, the Government claims to have financial records demonstrating that the Defendant received money, frequently in cash or cashier's checks, as proceeds of the

5

conspiracy. The weight of the evidence against the defendant appears to be substantial. This extensive evidence against the defendant increases the temptation to flee rather than return for subsequent proceedings in this court, and weighs in favor of detention.

C.   History and Characteristics of the Defendant

The specific history and characteristics of the defendant in this matter also weigh in favor of detention. When law enforcement arrived at the Defendant's residence during their first attempt to place him under arrest, around 10:00 a.m. on November 4, 2015, the Defendant was observed fleeing out the back of his building by a neighbor who recognized him. The Defendant was eventually apprehended at a fish taco restaurant several blocks away between 10:15 and 10:30 a.m. on November 4, 2015. When the Defendant was apprehended he had not purchased any food, but was charging his cell phone at the restaurant. He had recently spoken with his girlfriend over the phone asking her to pick him up. The Defendant was in possession of his passport and around $100 in cash.

Defendant asserts that he was not fleeing law enforcement, but was in fact at the fish taco restaurant for entirely innocent reasons. However, the Defendant fails to explain why he was seen by his neighbor running out the back of his house shortly after law enforcement personnel arrived

6

outside his residence.  Further, the Defendant walks with a limp due to a leg injury.  He fails to explain why, despite his limp, he was seen on running on an indirect route the fish taco restaurant that required him to climb a four to five foot high wall as opposed to walking along the easier route afforded by using the sidewalk accessible from his front door.  The Defendant also fails to adequately explain why he had his passport with him and had not purchased any food at the restaurant but was charging his phone and using it to ask his girlfriend to pick him up.  Additionally, as the Government has been unable to locate the majority of the funds taken in by the fraud, there is a reasonable likelihood that the Defendant has access to substantial cash assets which could be used to flee.

   The Court finds that the Defendant was attempting to flee law enforcement when they first attempted to place him under arrest.  This action demonstrates that the Defendant's first instinct when faced with the threat of judicial proceedings against him is to attempt to flee.  The Defendant's willingness to avoid judicial proceedings is further demonstrated by the Defendant's failure to appear on a previous speeding violation in Laguna Hills Municipal Court.  That matter involved a fine of $599 and led to the suspension of Defendant's license.

7

Because the Defendant has demonstrated skill at evading detection and assuming false identities, and the Defendant's past actions demonstrate that his first instinct is to flee rather than face judicial proceedings on the Government's charges, the history and characteristics of the defendant weigh strongly in favor of detention.

D.   Danger to the Community

The defendant is not alleged to have used violence or weapons in the commission of his crimes.  However, the Court need not find that the defendant would pose a danger to the community if released when the first three factors demonstrate that no combination of conditions will reasonably assure the defendant's presence at future court proceedings. *Stewart*, 19 F. App'x at 48 (citing *United States v. Rueben*, 974 F.2d 580, 585-86 (5th Cir. 1992)).  Because the Defendant faces a substantial prison sentence if convicted, the Government has extensive evidence against the Defendant, the Defendant has demonstrated skill at assuming false identities and evading detection, and the Defendant has demonstrated a willingness to use flight to thwart law enforcement rather than face judicial proceedings in this matter, the Court finds by a preponderance of the evidence that no combination of conditions will reasonably assure the Defendant's appearance at future court proceedings.

8

IV.

For the foregoing reasons, the Court finds that no condition or combination of conditions will reasonably assure the Defendant's appearance at subsequent proceedings. The Court accordingly grants the Government's Motion for Revocation of Release Order and denies the Defendant's Motion to Set Conditions of Release.

An appropriate order shall issue.

|  |  |
|---|---|
| November 23, 2015<br>Alexandria, Virginia | /s/<br>James C. Cacheris<br>UNITED STATES DISTRICT COURT JUDGE |